FILED
United States Court of Appeals
Tenth Circuit

December 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL E. TAYLOR,

        Petitioner-Appellant,

v.

GREG WILLIAMS,

        Respondent-Appellee.

No. 09-6159
(Case No. 09-CV-00323-HE)
(W.D. Okla.)

**ORDER**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Petitioner, a *pro se* state prisoner, seeks a certificate of appealability to
appeal the denial of his U.S.C. § 2254 habeas petition challenging his conviction
on drug charges. Police searched Petitioner's auto shop, which he co-owned with
his brother, pursuant to a search warrant based on evidence his brother was
involved in drug trafficking. The police seized marijuana and scales as evidence.
They also found a copy of the rules and conditions governing Petitioner's
probation that specifically gave permission for law enforcement to search his
residence based on a reasonable suspicion Petitioner was engaged in criminal

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

activity. Upon searching Petitioner's residence, police found additional evidence of drug trafficking.

Petitioner attempted to suppress this evidence. He argued the original search warrant was improperly dated, rendering the search of the auto shop illegal and the evidence found at his residence inadmissable as fruit of an illegal search. Following a hearing, the trial court denied this motion. On direct appeal of his conviction, Petitioner again raised Fourth Amendment violations and also asserted that the prosecutor's statements in closing arguments constituted prosecutorial misconduct. The Oklahoma Court of Criminal Appeals affirmed the conviction. In his habeas petition, Petitioner raised these same issues.

After reviewing these claims, the magistrate judge recommended that the petition be denied. Concerning Petitioner's Fourth Amendment claims, the magistrate judge determined Petitioner had "an opportunity for full and fair litigation of [his] Fourth Amendment claim[s]" and thus these claims were precluded by *Stone v. Powell*, 428 U.S. 465, 494 (1976). Additionally, the magistrate judge concluded that, even if there was not a full and fair opportunity to litigate, Petitioner's claims, which relied on a "mere technical mistake or typographical error," failed on the merits. *Groh v. Ramirez*, 540 U.S. 551, 558 (2004). Finally, the magistrate judge determined the search of Petitioner's residence was supported by reasonable suspicion, as allowed under the terms of Petitioner's probation, and thus did not violate the Fourth Amendment. As for

Petitioner's claims of prosecutorial misconduct, the magistrate judge concluded the prosecutor's closing arguments were neither improper nor prejudicial.  The district court adopted the magistrate judge's recommendations and dismissed Petitioner's claims.

After reviewing the record on appeal, Petitioner's filings, the magistrate judge's recommendation, and the district court's order, we conclude that reasonable jurists would not debate whether "the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, for substantially the reasons set forth in the magistrate judge's recommendation, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.  However, we **GRANT** Petitioner's motion to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge